

**Chief Federal Public Defender**
Heidi R. Freese

**First Assistant
Federal Public Defender**
Ronald A. Krauss

**Chief, Trial Unit**
Lori J. Ulrich

**Chief, Appellate Unit**
Frederick W. Ulrich

**Senior Litigator**
Thomas A. Thornton

**Assistant
Federal Public Defenders**
Ari D. Weitzman
Quin M. Sorenson
Melissa B. Porter

**HARRISBURG OFFICE**
100 Chestnut Street, Third Floor
Harrisburg, Pennsylvania 17101
Tel.: 717-782-2237
Fax: 717-782-3881

**Assistant
Federal Public Defenders**
Leo A. Latella
   Manager, Scranton Operations
Elliot A. Smith
Brandon R. Reish

**SCRANTON OFFICE**
201 Lackawanna Avenue, Ste. 317
Scranton, Pennsylvania 18503
Tel.: 570-343-6285
Fax: 570-343-6225

**Assistant
Federal Public Defender**
Gerald A. Lord

**Staff Attorney**
Tammy L. Taylor

**WILLIAMSPORT OFFICE**
330 Pine Street, Ste. 302
Williamsport, Pennsylvania 17701
Tel.: 570-323-9314
Fax: 570-323-9836

January 31, 2023

**VIA ECF**

The Honorable Malachy E. Mannion
United States District Judge
William J. Nealon United States Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re: **U.S. v. Nickas, 3:21-cr-00143**

Dear Judge Mannion,

On August 3, 2022, a jury found Susan Nickas guilty of conspiring to distribute and of distributing heroin/fentanyl, resulting in the death of Joshua Kiernan. The Court has scheduled the sentencing of Ms. Nickas for February 3, 2023, at 1:30 p.m. At the hearing, I will ask the Court to impose a sentence of imprisonment of 240 months, the applicable mandatory minimum term and a within-Guidelines sentence. This letter explains why a longer sentence would be excessive.

A sentence of imprisonment of 240 months amply meets the need to reflect the seriousness of the offense and provide just punishment. It is a sentence that treats Ms. Nickas as if she had intentionally killed another person. The Guidelines would recommend the same sentence had she committed second degree murder, *see* USSG §2A1.2 (235-293 mos.), and a *less* severe sentence had she committed voluntary manslaughter, USSG §2A1.3 (87-108 mos.), conspired to commit or solicited murder, *see* USSG §2A1.5 (135-168 mos.), or had she attempted to commit first degree murder, *i.e.*, a "willful, deliberate, malicious, and premeditated killing," *see* USSG §2A2.1 (135-168 mos.); 18 U.S.C. §1111(a). A 240-month term of imprisonment will ensure that Nickas spends the remainder of her 78-year-old mother's end-of-life stage – as well as her own middle-age years – in prison. Now age 47, Nickas' release would occur in approximately 2039 (or later if good-time credit

January 31, 2023
P a g e  2

is not factored-in), when she will be age 63. This is serious punishment.

By so amply punishing Ms. Nickas, the mandatory sentence of imprisonment for 240 months is far in excess of what is necessary to satisfy the other purposes of sentencing – deterrence, incapacitation, and rehabilitation. The Guidelines generally recommend a far less severe sentence to adequately protect the public from the recidivism of a person who engages in the conduct of which Ms. Nickas was convicted. The recommendation of a sentence of imprisonment for 240 months is reserved for the first-time offender who trafficked 90 kilograms or more of heroin or 36 kilograms or more of fentanyl, *see* USSG §2D1.1(c)(1), or was a leader of an organization that trafficked between 10 and 30 kilograms of heroin or between four and 12 kilograms of fentanyl, *see* USSG §2D1.1(c)(3), or for the repeat-offender (CH VI) who trafficked in at least kilograms, *see* USSG §2D1.1(c)(4). None of these descriptions fit Nickas. She did not traffic that weight, and she has one prior criminal sentence in her 47-year past – 12 months of probation for two misdemeanors committed in 2013. PSR ¶48-49.

The Guidelines aside, Ms. Nickas' history and characteristics do not suggest that a sentence in excess of 240 months is necessary to protect the public. As the PSR (¶59) and letters filed with this submission detail (Ex. A), Nickas is a fundamentally decent person whose life was gradually taken hold of and consumed by her addiction to opiates, an addiction that led her to engage in criminal activity she would not have contemplated absent its compulsions. Even during the time of her heaviest drug use, her fundamental goodness shone through in the care she provided to her ill grandmother and mother. And had Nickas gone to rehab earlier, it seems very likely she would not have been engaged in any of the drug activity that was the subject of her criminal trial. When Nickas did go to inpatient rehab in 2021 (after her arrest following indictment in this case), she thrived there. Ex. B. After she finished her inpatient program, she continued outpatient therapy and lived for nearly a year without incident under pretrial services supervision. PSR ¶60. The need to protect the public from Nickas has already been met by her presentence rehabilitation efforts.

Finally, a sentence of incarceration for greater than 240 months would be excessive in relation to the sentence imposed upon Ms. Nickas' codefendant, Jeremy Johnson. A sentencing disparity between these defendants is *warranted*, not unwarranted. Each was convicted of the same offenses, and the evidence did not show Nickas to be more responsible or culpable than Johnson. (Mr. Johnson's request for a mitigating role adjustment under the Guidelines was denied, and the attorney for the government argued that the defendants were "equally responsible," Johnson Sent. Tr. pg. 6). But Johnson's criminal history placed him in category VI, and his Guidelines range of imprisonment was 360 months to life. The Court sentenced him to imprisonment for 300 months, a variance 60 months below the Guidelines range. Since a similar variance is precluded by the applicable mandatory minimum sentence, a sentence at the low end of the Guidelines range for Nickas is necessary to reflect the difference in the history and characteristics of the codefendants.

January 31, 2023
P a g e **3**

Thank you for your consideration of these matters.

            Sincerely,

            s/ Elliot A. Smith
            Elliot A. Smith
            Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I, Elliot A. Smith, Assistant Federal Public Defender, do hereby certify that this document will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

> Michelle Olshefski
> Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Susan Nickas

Date: January 31, 2023      s/ Elliot A. Smith
                            Elliot A. Smith
                            Assistant Federal Public Defender